**The PEOPLES NATURAL GAS COMPANY, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 7, 1995.

Decided Aug. 28, 1995.

---

Horace P. Payne Jr., for petitioner.

Patricia Krise Burket, for respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

FRIEDMAN, Judge.

The Peoples Natural Gas Company (Peoples) appeals from an order of the Public Utility Commission (PUC) directing Peoples to apply anticipated Low–Income Home Energy Assistance Program (LIHEAP) benefits[1] to the monthly budget bill of Alice Baker and ordering Baker to pay $5 a month towards her arrearage until her account with Peoples is fully paid.[2] We reverse.

■ PUC made the following findings of fact.[3] Baker and her daughter reside in a three-story, single family house with three bedrooms, two bathrooms, basement, attic, kitchen, living room and dining room; natural gas is used for heating and cooking.

---

1. LIHEAP is a program funded by the Federal government, the purpose of which is to help eligible low income households meet home heating needs. 55 Pa.Code § 601.2.

2. Peoples offers its customers as an optional payment plan, a monthly budget bill, whereby Peoples charges a participating customer the same amount each month based not on actual usage for the month but, rather, on the customer's average usage for the prior twelve months.

(PUC Finding of Fact, No. 5.) PUC's order requires Peoples to subtract all of Baker's LIHEAP benefits for the prior year from Baker's 1994–95 bill and recompute Baker's monthly budget amount.

3. PUC is the ultimate fact finder here. *Greene Township Bd. of Supervisors v. Pennsylvania Public Util. Comm'n*, 164 Pa.Commonwealth Ct. 88, 642 A.2d 541 (1994).

(PUC Finding of Fact, No. 25.) Baker receives $478 a month in Supplemental Security Income (SSI) benefits and $50 a month in child support. Her daughter receives $338 a month in SSI benefits; however, the SSI check is made payable to Baker's sister. (PUC Finding of Fact, No. 26.) Baker's monthly expenses are $300 in rent payments, $35 in electrical bills and $100 in food costs. (PUC Finding of Fact, No. 28.) As for Baker's natural gas bills, Baker testified that her sister takes the bills and "tells [Baker] that [she] will pay them. [Baker] does not know how much her sister pays [Peoples]." (PUC Finding of Fact, No. 27.) However, Baker's gas bills have gone unpaid in an amount in excess of $3,296.

In response to Peoples' notice that her natural gas service would be terminated for nonpayment of bills, Baker filed an informal complaint with PUC's Bureau of Consumer Services (Bureau), which ordered Peoples to take into account Baker's future LIHEAP grants and to reduce Baker's monthly budget amount accordingly. (PUC op. at 1.)

Peoples appealed the Bureau's decision and a telephonic hearing was held before an administrative law judge (ALJ). The ALJ determined that Baker had failed to meet her burden of proving a present inability to pay the current monthly budget amount plus an additional monthly amount toward arrearages. (ALJ op. at 12.) The ALJ ordered Baker to pay the current monthly budget amount, with no adjustment for future LIHEAP grants, plus an additional $50 per month toward the arrearage. (ALJ op. at 15.)

Subsequently, PUC "exercised its right under 66 Pa.C.S. § 332(h) to review the ...

case at Public Meeting" and, thus, placed the ALJ decision "on a future Public Meeting Agenda for the review of the full Commission."[4] (R.R. at 41a.) Following that meeting, PUC reversed the ALJ's decision, holding that Baker proved an inability to pay her current monthly budget payment amounts for natural gas service plus an additional amount per month toward the arrearage on her account. (PUC Conclusion of Law, No. 3.) PUC directed Peoples to recompute Baker's 1994–95 monthly budget bill after applying all LIHEAP funds that Baker received for 1993–94 and ordered Baker to pay the recomputed amount plus $5 towards her arrearage. (PUC op. at 14–15.)

■■■ Peoples now appeals to this court,[5] arguing that PUC exceeded its statutory authority in ordering Peoples to recompute Baker's 1994–95 monthly budget bills based on LIHEAP grants equal to Baker's 1993–94 LIHEAP benefits. Peoples essentially asserts that PUC usurped the authority of the Department of Public Welfare (DPW) over LIHEAP benefits.[6] We agree.

■■■ PUC, as an administrative agency, can exercise only those powers expressly granted to it by statute or which are necessarily implied from its express powers. *Fairview Water Co. v. Pennsylvania Public Utility Comm'n*, 509 Pa. 384, 502 A.2d 162 (1985). LIHEAP is a Federal block grant program which, pursuant to Federal law, is administered by DPW. 55 Pa.Code § 601.1, § 601.5; *see* 42 U.S.C. §§ 8621–29. Here, PUC has ordered:

2. That [Peoples] shall recompute [Baker's] monthly budget bill after applying all LIHEAP funds received by [Baker] and

4. Section 332(h) of the Public Utility Code, 66 Pa.C.S. § 332(h), states in pertinent part:

(h) **Exceptions and appeal procedure.**—Any party to a proceeding referred to an [ALJ] under section 331(b) may file exceptions to the decision of the [ALJ] with [PUC].... [PUC] shall rule upon such exceptions within 90 days after filing.

5. Our scope of review over a decision of PUC is to determine whether constitutional rights have been violated or an error of law committed and whether the necessary findings of fact are sup-

ported by substantial evidence in the record. *West Penn Power Co. v. Public Utility Comm'n*, 659 A.2d 1055 (Pa.Cmwlth.1995).

6. Peoples also argues that (1) PUC's order requiring Peoples to pro-rate future LIHEAP benefits violates DPW guidelines; (2) PUC's decision constitutes an unreasonable rate preference conflicting with the Public Utility Code; and (3) PUC abused its discretion in that its decision is inconsistent with established policy. However, due to our disposition of the first argument, we need not address these others.

designated to [Peoples] *for the 1993–94 winter heating season.*

. . . .

5. That *commencing with the first gas bill, received by [Baker] after the date on which [PUC's] Order is entered,* [Baker] shall pay her calculated optional monthly payment amount, for current natural gas service, by the due date, plus an additional $5.00 toward the arrearage on her account for natural gas service with [Peoples].

6. That [Baker] *shall continue making the payments specified in Order Paragraph 2* until the arrearage on her account for natural gas service with [Peoples] shall be fully paid.[7]

(PUC Order, Nos. 2, 5–6.) (Emphasis added.) Thus, PUC requires that Peoples calculate Baker's monthly budget bill for the 1994–95 winter heating season based on LIHEAP benefits that she received during the 1993–94 winter heating season.[8]

We believe that, by this order, PUC has in effect determined that Baker will be eligible for LIHEAP benefits in 1994–95 and that Baker will be entitled to the same amount of assistance as she received in 1993–94. However, PUC is without authority to make such a determination. As administrator of the LIHEAP program, only DPW can decide whether Baker is eligible for LIHEAP benefits and, if eligible, the amount of benefits she should receive. DPW might determine that Baker is *not* eligible or that Baker should *not* receive the same amount of benefits previously granted. Indeed, the record in this case shows that DPW granted Baker $170 in LIHEAP energy assistance and $300 in crisis energy assistance for the 1992–93 winter heating season, but only $96 in LI-

HEAP energy assistance and, as of the date of the hearing in this case, no crisis energy assistance for the 1993–94 winter heating season.[9] (PUC Findings of Fact, Nos. 8–11.)

Thus, because PUC has unlawfully determined that Baker is eligible for LIHEAP benefits for the 1994–95 winter heating season and has ordered, without authority, that Baker receive an amount equal to her 1993–94 LIHEAP grant, we reverse.[10]

MCGINLEY, J., dissents.

### ORDER

AND NOW, this 28th day of August, 1995, the order of the Pennsylvania Public Utility Commission, dated August 3, 1994, at Docket No. Z–00211774, is hereby REVERSED.

---

7. One could interpret this portion of PUC's order to mean that, even if Baker receives a greater or lesser amount in LIHEAP benefits, Peoples must apply Baker's 1993–94 benefits to her monthly budget bill until she has fully paid her $3,296 arrearage. If, pursuant to PUC's order, Baker pays $5 per month on the arrearage, People's would be applying the 1993–94 benefits for about 55 years.

8. PUC's order was entered on August 3, 1994. Pursuant to the PUC order, Peoples must reduce the first bill after this date, which would be Baker's September 1994 billing.

9. The record also indicates that funding for LIHEAP, eligibility criteria for grants, maximum allowable amounts for certain benefits and the application process itself can change from one year to the next. (PUC Findings of Fact, Nos. 9, 12–16, 18.)

10. We note that Peoples does not ask this court to address that portion of the PUC order requiring Baker to pay $5 each month towards her arrearage.